**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**MARY ELLEN CHEPAK,**

                       **Plaintiff,**

                                      06 Civ. 7865 (JGK)

   – against –

                                      **MEMORANDUM OPINION**
                                      **AND ORDER**

**WALDEN UNIVERSITY, ET AL.,**

                       **Defendants.**
_____

**JOHN G. KOELTL, District Judge:**

    The plaintiff, Mary Ellen Chepak, brings this diversity action against the online school Walden University ("Walden") and its indirect parent company, Laureate Education, Inc. ("Laureate"). The plaintiff is seeking damages allegedly arising out of Walden's failure to meet its obligations under its contract with the plaintiff. The plaintiff, proceeding pro se, brings two causes of action against the defendants: (1) breach of contract for failure of the Walden faculty to respond to her within ten business days; and (2) breach of contract for failure of Walden to notify her and arrange coverage when faculty members were not available to students for longer than a week.

    Laureate previously made a motion to dismiss on December 5, 2006 pursuant to Rule 12(b)(2) and 12(b)(6) of the Federal Rules

of Civil Procedure.  On June 12, 2007, the Court issued an Order which, in pertinent part, dismissed without prejudice the claims against Laureate for lack of personal jurisdiction.  On December 4, 2007, the plaintiff filed a motion for reconsideration of that part of the Court's Order.  On December 7, 2007, the Court denied the plaintiff's motion for reconsideration but permitted the plaintiff to file an amended complaint naming Laureate as a defendant within 20 days.  The plaintiff filed the Amended Complaint on January 3, 2008.  Laureate now moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995).  Where, as here, the plaintiff is proceeding pro se, although the same standards for dismissal apply, a court should give the pro se litigant special latitude in responding to a motion to dismiss.  See Ainbinder v. Potter, 282 F. Supp. 2d 180, 184 (S.D.N.Y. 2003) (citing McPherson v. Coombe, 174 F.3d

2

276, 279 (2d Cir. 1999)). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atlantic Corp., 127 S. Ct. 1955, 1974 (2007); see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

II.

The following facts alleged in the Amended Complaint are accepted as true for the purpose of deciding this motion to dismiss. The plaintiff was pursuing a doctorate in psychology at Walden, an online university, between June 1998 and July 2005. (Am. Compl. ¶ 6.) The defendants represent that Walden is an indirect subsidiary of Laureate. At the time the plaintiff enrolled in Walden, Walden's catalog and school policy stated that the faculty had to respond to student inquiries within ten business days and that if a faculty member became unavailable or left the school students would be informed and a faculty designee would work with students to finalize assignments. (Id. ¶¶ 11-13.)

Between August 2000 and July 2005, the plaintiff experienced a number of problems in communicating and reaching an understanding with Walden faculty and staff. (Am. Compl. ¶¶ 19-65.) Faculty members did not respond to plaintiff's requests for feedback within the ten-day time period indicated

3

in Walden's catalog. (Id. ¶¶ 19, 23-26, 30, 32, 40, 48, 53, 60.) Faculty did not notify plaintiff when they would be unavailable for more than a week and Walden did not make arrangements for coverage during their absence, despite the statement in Walden's catalog and school policy that "students must be notified when faculty will be available for longer than a week and there needs to be an arrangement made for coverage during their absence." (Id. ¶¶ 28, 32.) In September 2005 the plaintiff contacted Walden to complain. (Id. ¶ 63.) By January 2006 Walden had not provided a satisfactory remedy for the plaintiff's concerns and, after initial settlement discussions with Walden, the plaintiff filed this action. (Id. ¶¶ 65-67.) The plaintiff alleges that in January 2007, Laureate entered into an agreement and plan of merger which closed on August 17, 2007. (Id. ¶¶ 68, 71.)

III.

The plaintiff has sued Laureate as the parent or indirect parent of Walden. However, the Amended Complaint is devoid of any plausible allegations that Laureate was in a contractual relationship with the plaintiff. While the parties do not brief the issue of choice of law, the Court can rely on New York law in the absence of any evidence that the law of another jurisdiction would provide a contrary result. See, e.g., Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998) (citing J. Aron &

4

Co. v. Chown, 647 N.Y.S.2d 8, 8 (App. Div. 1996)); Berwick v. New World Network Intern., Ltd., No. 06 Civ. 2641, 2007 WL 949767, at *6 (S.D.N.Y. March 28, 2007).  Here, under basic principles of contract law, the plaintiff has asserted no claims for breach of contract against Laureate and the Amended Complaint must be dismissed against Laureate.

The plaintiff posits various theories as to how a corporate parent might be liable in tort in connection with acts of a subsidiary, including tortious interference with contract. However, none of these theories have been pleaded in the Amended Complaint.  In any event, the plaintiff's arguments with respect to these theories are speculative.  The documents attached to the plaintiff's submissions do not provide specific allegations with respect to Laureate's actions in connection with the plaintiff's specific claims of breach of contract against Walden.  The plaintiff has failed to state a claim to relief against Laureate that is plausible on its face.  Twombly, 127 S. Ct. at 1974 (2007).

CONCLUSION

The motion to dismiss the claims against Laureate is therefore **granted**.

SO ORDERED.

Dated: New York, New York
February 21, 2007

_____
John G. Koeltl
United States District Judge